1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   LAURAINE FOGARTY,
                                           No. 2:07-CV-0688-MCE-GGH
12           Plaintiff,

13      v.                                 MEMORANDUM AND ORDER

14   HSM ELECTRONIC PROTECTION
     SERVICES,
15
             Defendant.
16

17                             ----oo0oo----

18

19        Presently before the Court is Defendant HSM Electronic

20   Protection Services' ("Defendant") Motion to Re-Open Discovery.

21   For the following reasons, Defendant's motion is denied.[1]

22   ///

23   ///

24   ///

25   ///

26   _____

27        [1] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

**BACKGROUND**

Lauraine Fogarty ("Plaintiff") brought this action alleging sexual harassment and retaliation against Defendant, her former employer.  As part of her Complaint, Plaintiff alleges that she suffered stress as a result of the harassment and retaliation ultimately resulting in stomach ulcers which incapacitated Plaintiff to an extent that she was no longer able to work. Plaintiff's Complaint seeks damages for loss of earnings, emotional distress, pain and suffering, physical injuries, and medical expenses.

Plaintiff commenced this suit in April 2007.  This Court entered its Pretrial Scheduling Order on July 5, 2007.  The Pretrial Scheduling Order provided for a discovery cut-off of April 11, 2008.  In March 2008, Plaintiff disclosed to Defendant that she was unable to maintain her employment with her most recent employer due to the mental distress caused by the alleged sexual harassment.  On May 15, 2008, this Court vacated, without prejudice, Defendant's Motion to Compel a mental examination of Plaintiff because the discovery deadline had already expired.  On May 27, 2008, this Court entered a stipulated order allowing the parties to engage in further discovery including a further deposition of Plaintiff, a deposition of Plaintiff's treating physician, and subpoenaing employment records from Plaintiff's most recent employer.

On May 29, 2008, Defendant filed a Motion to Re-Open Discovery.  Because that motion was improperly noticed, Defendant filed an Amended Motion to Re-Open Discovery on June 2, 2008.

2

Defendant seeks to re-open discovery based on Plaintiff's disclosure that she is unable to maintain employment based on the alleged sexual harassment.  Defendant seeks to conduct a physical and mental examination of Plaintiff.

**STANDARD**

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Id.

///

///

///

Although the existence or degree of prejudice to the party

opposing the modification might supply additional reasons to deny

a motion, the focus of the inquiry is upon the moving party's

reasons for seeking modification.  If that party was not

diligent, the inquiry should end.  Id.

**ANALYSIS**

Re-opening the already-expired discovery cut off requires a

modification of the Pretrial Scheduling Order.  Rule 16 requires

good cause for such a modification.  Defendants cannot meet their

burden to extend the discovery cut-off.

Defendant was on notice of Plaintiff's claims.  The

Complaint alleges that "Plaintiff has suffered loss of earnings

*and will continue to suffer such losses in the future*" and that

"Plaintiff has suffered *and will continue to suffer severe*

*emotional distress and pain and suffering*."  The fact that

Defendant failed to fully explore these claims in discovery does

not satisfy the good cause requirement to re-open discovery.

Although the Court acknowledges that trial is set for May of

2009, the dispositive motion deadline is swiftly approaching and

given this Court's docket, extending the dispositive motion

deadline would likely require this Court to continue the trial

date as well.  Finally, Defendant has not been diligent in

seeking this modification.  Defendant was informed on March 17,

2008 that Plaintiff terminated her employment.

///

///

Defendant then waited until almost three months later and *after* the discovery cut-off, to seek this modification.  This delay does comport with the diligence Rule 16 requires.

Defendant failed to fully explore these claims in discovery. To the extent some of the evidence relating to these claims was not disclosed in discovery, that evidence may be subject to exclusion by way of a motion in limine.  However, good cause does not exist to re-open discovery months after the cut-off.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Re-Open Discovery is DENIED.

IT IS SO ORDERED.

Dated: August 27, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE